Susan SCHOFIELD, Plaintiff–
Appellant,

v.

METROPOLITAN LIFE INSURANCE
CO.; Kaiser Foundation Health Plan,
Inc.; Kaiser Permanente Flexible
Benefits Plan; Does 4–100, Defen-
dants–Appellees.

No. 07–15038.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2008.

Filed Oct. 30, 2008.

Abraham N. Goldman, Esquire, Oregon House, CA, for Plaintiff–Appellant.

Rebecca A. Hull, Esquire, Sedgwick, Detert, Moran & Arnold LLP, San Francisco, CA, for Defendants–Appellees.

Before: SILER,* McKEOWN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Plaintiff Susan Schofield appeals the district court's grant of summary judgment for Metropolitan Life Insurance Co. ("Met-Life"), Kaiser Foundation Health Plan, Inc., Kaiser Permanente Flexible Benefits Plan, and Does 4–100 (collectively "Defendants"). Because we find MetLife abused its discretion in denying Schofield's benefits, we reverse and remand for the district court to determine the amount of retroactive benefits to be awarded and whether attorney's fees and prejudgment interest should be awarded.

Schofield was a participant in a plan ("the Plan") that made her eligible for long term disability ("LTD") benefits if she became "Disabled" under the terms of the Plan:

> "Disabled" or "Disability" means that, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and, (1) during your Elimination Period and the next 24 month period, you are unable to earn more than 80% of your Predisability Earnings or Indexed Predisability Earnings at your Own Occupation for any employer in your Local Economy; or (2) after the 24 month period, you are unable to earn more than 80% of your Indexed Predisability Earnings from any employer in your Local Economy at any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and Predisability Earnings.

The Plan further defined "Own Occupation":

> "Own Occupation" means the activity that you regularly perform, as determined by the Employer, and that serves as your source of income. However, for physicians "Own Occupation" means the specialty in the practice of medicine in which you were engaged just prior to the date Disability started. Own occupation is not limited to the specific position you held with your Employer. It may be a similar activity that could be performed with your Employer or any other employer.

Schofield filed for LTD benefits and was denied twice by MetLife. The denials were based on evaluations of the medical records supporting her claim by two inde-

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pendent physicians. Schofield filed this action in the district court seeking to enforce her rights under the Plan, subject to ERISA, 29 U.S.C. § 1001 et seq. She claimed that she was entitled to LTD benefits under the terms of the Plan, that the Defendants had breached the terms of the Plan by denying her LTD benefits, and that she was entitled to de novo review of the terms of the Plan.

The district court granted summary judgment for the Defendants. It concluded that MetLife reserved discretion and therefore abuse of discretion was the applicable standard of review. It held that the denial did not constitute an abuse of discretion, because the Defendants simply credited the conclusion of the two independent medical reviewers over the conclusions of Schofield's physician.

We have jurisdiction to review the decision of the district court under 28 U.S.C. § 1291 and review a grant of summary judgment de novo. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir.2005). This court reviews "de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir.2006) (en banc).

■ The district court properly determined that abuse of discretion is the standard of review. *Id.* at 965. Summary judgment for the Defendants, however, was improper. By the terms of the plan, MetLife was required to determine whether Schofield was able to earn more than 80% of her predisability earnings at her "Own Occupation." Her occupation was acknowledged throughout the record to be a Certified Registered Nurse Anesthetist (CRNA). An independent physician hired by MetLife reviewed her records and concluded that all necessary testing had been performed and that she could not perform

her job as a CRNA. Therefore, MetLife failed to follow the Plan definition of "Own Occupation" when it found the medical records supported the conclusion that Schofield could perform "more-sedentary nursing duties that fall within the category of her Own Occupation."

■ In addition, MetLife incorrectly applied the 80% earnings test. The Plan's definition of "disability" required MetLife to determine whether Schofield was able to earn more than 80% of her predisability earnings, and MetLife did not follow this definition. MetLife argued that because it determined that she could do her prior job, she could earn 100% of her prior salary, meaning application of the 80% earnings test was unnecessary. Despite this reasoning, the terms of the Plan required MetLife to apply the 80% earnings test, and MetLife erred when it failed to do so. Even if MetLife's reading of the 80% test were correct, its conclusion cannot be sustained because its independent physician determined she could not perform her prior job. Therefore, MetLife abused its discretion in denying Schofield benefits.

■ An award of retroactive benefits is also appropriate. *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir.2001). Here, the factual record does not support MetLife's denial of benefits because its independent physician concluded Schofield could not perform her duties as a CRNA.

■ We remand to the district court to determine the amount of retroactive benefits to be awarded and to consider whether Schofield is entitled to attorney's fees and prejudgment interest. Generally, a prevailing ERISA plaintiff is entitled to attorney's fees unless special circumstances would render such an award unjust. *United Steel Workers of Am. v. Ret. Income Plan for Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 564 (9th Cir.2008). In addition, a district court

may award prejudgment interest on an award of ERISA benefits in its discretion. *Blankenship v. Liberty Life Assurance Co. of Boston,* 486 F.3d 620, 627 (9th Cir.2007).

**REVERSED AND REMANDED.**

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.